**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTHONY J. MARLOW,<br>          Appellant, | DOCKET NUMBER<br>AT-844E-24-0212-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>          Agency. | DATE:  May 26, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Anthony J. Marlow, Columbus, Georgia, pro se.

Eva Ukkola, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the reconsideration decision of the Office of Personnel Management (OPM) as untimely filed without good cause.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's conclusion that the appellant failed to show good cause for

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the untimeliness of his appeal, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

As relevant here, on December 20, 2023, the appellant filed an appeal challenging OPM's June 9, 2023 reconsideration decision denying his application for disability retirement benefits and requesting a hearing. Initial Appeal File (IAF), Tab 1 at 2-7, 9-15. The administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 4, Initial Decision (ID) at 1, 4. The administrative judge concluded, based on the appellant's appeal form, that he received the agency's decision letter on June 9, 2023, and, therefore, that his appeal was untimely by 157 days. ID at 7. He also found no basis to excuse the delay because the appellant did not respond to his timeliness order. ID at 8; IAF, Tab 3.

The appellant filed a timely petition for review alleging that the use of an incorrect address prevented him from receiving the documents issued by the Board. Petition For Review (PFR) File, Tab 1 at 2. The agency did not respond to the petition for review. Since there was no evidence that the appellant received proper notice of the timeliness issue or standard for waiving late filings—particularly regarding his medical concerns—the Board issued a show cause order providing such notice and giving him another opportunity to establish good cause for his untimely filed appeal. IAF, Tab 11. In response, the appellant does not challenge the administrative judge's conclusion that his Board appeal was untimely filed; however, he argues that good cause exists for his filing delay based on his health concerns. PFR File, Tab 12 at 8. For the following reasons, we reverse the administrative judge's conclusion that the appellant failed to show good cause for his untimeliness.

The Board may waive the time limit for filing an appeal if the appellant has shown good cause for the delay. *Smith v. Office of Personnel Management*,

117 M.S.P.R. 527, ¶ 6 (2012); 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

The Board will find good cause for a filing delay when an appellant has demonstrated that he suffered from an illness that affected his ability to file on time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Id.* There is no general requirement that the appellant be incapacitated, only that the appellant must show that his ability to file with the Board was "affected" or "impaired" by illness. *Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 13 (2006); *Lacy*, 78 M.S.P.R. at 437 & n.*.

Here, the pro se appellant asserts that his health issues from April to December 2023 directly caused his delay in filing. PFR File, Tab 12 at 8. Specifically, he contends that he lives alone and his chronic medical conditions and flareups rendered him unable to do anything beyond taking care of his basic needs during that timeframe. *Id.* He also provides an undated letter from his

traumatic brain injury (TBI) provider and letters from his primary care doctor dated December 7, 2022, and August 30, 2023, in support of his assertion. *Id.* at 9-16. His TBI provider asserts that the appellant suffers from headaches, dizziness and loss of balance, tinnitus, vision changes, sleep disorder, fatigue, post-traumatic stress syndrome, and anxiety. *Id.* at 9. His doctor identified various conditions, including irritable bowel syndrome (IBS), hypothyroidism, chronic headache disorder with history of TBI, and chronic depression with anxiety, and explained that his conditions are worsening and impacting his daily life. *Id.* at 10-16. His doctor also explained that his IBS is an "ongoing, long term problem" with recurrent, unpredictable flare-ups despite treatment, and he expects that it will continue to prove challenging to manage and will remain disruptive to the appellant's life. *Id.* at 14-16. Although some of the appellant's supporting documents predate the relevant period, we nonetheless find that it corroborates his assertion that his conditions impaired his ability to file his Board appeal or request an extension for filing. *Id.* at 9-13.

Under the particular circumstances of this case, we find the pro se appellant has provided sufficient cause, supported by corroborating medical evidence, explaining how his illness prevented him from timely filing his appeal. *See Washington*, 101 M.S.P.R. 258, ¶ 13; *Lacy*, 78 M.S.P.R. at 437-38. Moreover, the agency has presented no evidence or argument suggesting that it would be prejudiced by a waiver of the filing time limit. *See Moorman*, 68 M.S.P.R. at 63 (explaining that, once good cause has been demonstrated, the Board must determine whether the agency has shown that it would be prejudiced by a waiver of the time limit). Thus, we find that he has established good cause for the untimely filing of his appeal.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

On remand, the administrative judge should further develop the record as to the merits of the appeal and hold the appellant's requested hearing.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.